UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LA'SHANE DONYALE SCOTT, a/k/a La'Shane Saadiq, | 4:23-CV-04020-RAL |
| Plaintiff, | |
| vs. | OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY, PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND FOR A PRELIMINARY INJUNCTION, AND RULE 4(m) NOTICE |
| DR. MARY CARPENTER, CHIEF MEDICAL OFFICIAL, INDIVIDUAL CAPACITY; WARDEN DAN SULLIVAN, CHIEF WARDEN OF SOUTH DAKOTA STATE PRISONS, INDIVIDUAL CAPACITY; NURSE LONNA KOGLIN, CORRECTIONAL NURSE STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; RYAN VANDERAA, UNIT MANAGER, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; JASON MILLS, UNIT COORDINATOR, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; SGT. STEVEN SWYGERT, OFFICER IN CHARGE, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER BRIAN GENGLER, CORRECTIONAL OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; KAYLA TINKER, HEALTH SERVICES OFFICIAL, INDIVIDUAL AND OFFICIAL CAPACITY; CHARGE NURSE STEPHANIE MEINDERS, CHARGE NURSE HEALTH SERVICE, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN OFFICERS, CORRECTIONAL OFFICERS THAT WORKED IN THE WEST HALL UNIT, THE "SHU" FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN HEALTH SERVICES NURSING STAFF, CORRECTIONAL NURSING STAFF THAT WORKED IN THE SEGREGATED HOUSING UNIT FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; | |

KELLIE WASKO, SECRETARY OF THE
DEPARTMENT OF CORRECTIONS,
INDIVIDUAL AND OFFICIAL CAPACITY;
TERESA BITTINGER, OFFICIAL
CAPACITY; DR. AARON HAYNES,
OFFICIAL CAPACITY,

                              Defendants.

Plaintiff La'Shane Donyale Scott, an inmate at the South Dakota State Penitentiary, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Scott's complaint, amended complaint, and various supplements and directed service. Doc. 25. None of the Defendants who have been served have answered or otherwise responded to Scott's amended complaint. This Court granted the served Defendants' motion to enlarge the deadline for answering Scott's amended complaint until 21 days after the last State Defendant is served. Doc. 39. Scott filed a request for inspection on entry upon land, Doc. 44, and Defendants filed a motion to stay discovery, Doc. 49. Scott filed a motion for preliminary injunction and a motion to appoint counsel. Doc. 61. This Court now considers the aforementioned motions.

**I.    Discovery Motions**

Defendants move to stay discovery until this Court rules on their forthcoming motion for summary judgment. Doc. 49; Doc. 50 at 2–3. Defendants move to stay discovery because several Defendants have not yet been served and because the served Defendants intend to allege qualified immunity in a motion for summary judgment. Doc. 49; Doc. 50 at 2. Defendants cite precedent from the Supreme Court of the United States holding that qualified immunity is immunity from suit, not merely liability. Doc. 50 at 2 (quoting Pearson v. Callahan, 555 U.S. 223, 231 (2009)). "[T]he 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery." Id.

at 2–3 (second alternation in original) (quoting Pearson, 555 U.S. at 231).  Scott filed a response to Defendants' motion.  Doc. 52.  He alleges that discovery should not be stayed because "[s]eldom, if ever, will a plaintiff win a summary judgment motion if filed before any, or the completion of discovery." Id. at 10.

"Pursuant to Rule 26(c), district courts have broad discretion to stay discovery." Benford v. Grisham, 2019 WL 1359255, at *1 (E.D. Mo. Mar. 26, 2019) (citing Fed. R. Civ. P. 26(c)); see also Steinbuch v. Cutler, 518 F.3d 580, 588 (8th Cir. 2008).  The Supreme Court addressed discovery prior to consideration of a qualified immunity defense in Anderson v. Creighton, 483 U.S. 635 (1987), providing lower courts a sequential analysis to follow:

> [I]t should first be determined whether the actions the [plaintiff] allege[s] [the defendant] to have taken are actions that a reasonable [official] could have believed lawful.  If they are, then [the defendant] is entitled to dismissal prior to discovery.  If they are not, and if the actions [the defendant] claims he took are different from those the [plaintiff] allege[s] (and are actions that a reasonable [official] could have believed lawful), then discovery may be necessary before [the defendant's] motion for summary judgment on qualified immunity grounds can be resolved.

Id. at 646 n.6 (internal citation omitted).  "[T]his analysis is to be done without any attempt to verify the correctness of plaintiff's complaint." Gainor v. Rogers, 973 F.2d 1379, 1387 (8th Cir. 1992) (citing Mitchell v. Forsyth, 472 U.S. 511, 528 (1985)).  The United States Court of Appeals for the Eighth Circuit has recognized that "[i]n some circumstances limited discovery may be required to resolve the qualified immunity question." Tech. Ordnance, Inc. v. United States, 244 F.3d 641, 647 (8th Cir. 2001) (citing Anderson, 483 U.S. at 646–47 n.6).  The Eighth Circuit has held that "if the plaintiffs' allegations state a claim of violation of clearly established law and the parties disagree as to what actions the law enforcement officers took, discovery may be appropriate for the limited purpose of addressing the issue of qualified immunity." Lovelace v. Delo, 47 F.3d

286, 287 (8th Cir. 1995) (per curiam) (citing Anderson, 483 U.S. at 646 n.6); see also Ginter v. Stallcup, 869 F.2d 384, 388 (8th Cir. 1989) (per curiam).

Here, Defendants have not yet answered or otherwise responded to Scott's amended complaint and have not yet filed a motion for summary judgment. Thus, it is not clear to the Court whether this will be one of those cases in which limited discovery may be required to resolve the qualified immunity issue. Crawford-El v. Britton, 523 U.S. 574, 598–601 (1998) (recognizing that discovery regarding what facts the defendant had in his possession at the time of an alleged constitutional violation may be required before the qualified immunity issue can be resolved); Lovelace, 47 F.3d at 287 (holding that discovery was appropriate when plaintiff states a claim of violation of a clearly established law and the parties disagree as to what actions the defendants took). Further, Scott asserts claims for injunctive relief that survived screening. See Doc. 25 at 38. When an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity does not apply. See Pearson, 555 U.S. at 242–43 (citing Cnty. of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)). Thus, even if this Court were to stay discovery on Scott's individual capacity claims for money damages under § 1983, he would still be entitled to discovery on his injunctive relief claims. For these reasons, at this stage of the proceedings, Defendants' motion to stay discovery, Doc. 49, is denied without prejudice.

Scott filed a request for inspection on entry upon land. Doc. 44. Although a stay of all discovery at this stage of the proceedings is not appropriate, it is not necessary for any of the Defendants to permit Scott to "be allowed to measure, and take pictures and or photos and also inspect the Segregated Housing Cell, that he was denied his necessary medications[]" or to "take notes, photograph or take pictures, inspect, [and] measure the East Hall Holding Cell were [sic] he suffered from his second seizure . . . [after he] was once again refused [his] necessary

4

medication[.]" Id. at 2.  Photographs, measurements, and inspections of two areas of the prison are not reasonably calculated to lead to the discovery of admissible evidence to support Scott's claim that he was denied necessary medication in violation of his Eighth Amendment right to be free from deliberate indifference to serious medical needs.[1]

Under Federal Rule of Civil Procedure 5(d)(1)(A), discovery requests "must not be filed until they are used in the proceeding or the court orders filing[.]"  The Court has not ordered filing of discovery requests at this stage.  Parties should not file future discovery requests with the Court unless this Court issues an order requiring such filing or the discovery request relates to a pending motion.

## II.     Invoice

Scott alleges that enclosed in Defendants' certificate of compliance, Doc. 51, was an invoice from Dakota Storm Roofing.  Doc. 53 ¶ 14.  He requests clarification if the invoice was sent to him by mistake or if he is responsible for the bill.  Id.  He claims that invoice did not list his name as the recipient.  Id. ¶ 15.  He also alleges that he has been incarcerated since 2010 and has not had roofing completed.  Id.  The invoice was not filed with this Court and was not mentioned in defense counsel's certificate of compliance.  See Doc. 51.  Defense counsel should inform Scott whether any such invoice was mailed in error.

## III.    Motion for a Preliminary Injunction

Scott requests preliminary injunctive relief requiring Defendants to reclassify his prison status and transfer him to the Mike Durfee State Penitentiary in Springfield, South Dakota.  Doc. 61 ¶ 15.  "A preliminary injunction is an extraordinary remedy[.]"  Roudachevski v. All–Am. Care

---

[1] Because Scott's request for inspection is beyond the scope of discovery permitted by Federal Rule of Civil Procedure 26(b)(1), it is not necessary for the Court to consider whether the request poses a threat to the safety and security of the prison.

Ctrs., Inc., 648 F.3d 701, 705 (8th Cir. 2011); see also Hughbanks v. Dooley, 788 F. Supp. 2d 988, 992 (D.S.D. 2011) (citing Munaf v. Geren, 553 U.S. 675, 689–90 (2008)). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (citation omitted).

When ruling on a motion for preliminary injunction, the court considers "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). Since Dataphase, the Eighth Circuit has "observed that the 'likelihood of success on the merits is most significant.' " Barrett v. Claycomb, 705 F.3d 315, 320 (8th Cir. 2013) (quoting S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist., 696 F.3d 771, 776 (8th Cir. 2012)).

"[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " Goff, 60 F.3d at 520 (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). And "for an injunction to issue 'a right must be violated' and . . . 'the court must determine' whether 'a cognizable danger of future violation exists and that danger must be more than a mere possibility.' " Id. (quoting Rogers, 676 F.2d at 1214). Prisoners do not have a constitutional right to be incarcerated at a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245–48 (1983); Murphy v. Mo. Dep't of Corr., 769 F.2d 502, 503 (8th Cir. 1985) (per curiam). "Among the liberties which prisoners do not enjoy is choice of cells. Transfer within the prison, or to another prison, is within the discretion of prison officials." Lyon v. Farrier, 727 F.2d 766, 768 (8th Cir. 1984) (per curiam) (citations omitted).

Here, Scott's request to transfer to another facility is a function of prison administration. He also cannot show at this stage in the proceedings that he is likely to succeed on the merits. Thus, Scott's motion for a preliminary injunction, Doc. 61, is denied.

## IV.   Motion to Appoint Counsel

Scott filed a motion to appoint counsel because he "is overwhelmed and has no other options or resources, and has no access to the law library, writing paper, is low on the only ink pen, that he has since he is not allowed to purchase the items on 'Administrative Segregation' status[;]" Scott claims that the State of South Dakota does not provide him with these items.  Doc. 61 ¶¶ 17–18, 20.  "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).  In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims.  Id.  At this time, Scott's claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately.  This Court believes that Scott is capable of pursuing his claims pro se at this phase of litigation, and his motion for appointment of counsel, Doc. 61, is denied at this time.

## V.   Rule 4(m) Notice

By order dated July 27, 2023, the Court granted the Defendants' motion to stay the deadline for answering Scott's amended complaint until 21 days after the last State Defendant is served. Doc. 39.  To date none of the Defendants have answered or otherwise responded to Scott's amended complaint because Defendants Mary Carpenter, Lonna Koglin, and Steven Swygert have not yet been served.  See Docs. 56, 64.  This Court granted Scott's request for assistance with serving these Defendants, who are no longer employed by the SDSP.  Doc. 48.  Counsel for the

served Defendants filed a certificate of compliance with this Court confirming that she provided the last known addresses for Carpenter, Koglin, and Swygert to the United States Marshall Service. Doc. 51. But these Defendants were no longer at their last known addresses. Docs. 56, 64. Rule 4(m) of the Federal Rules of Civil Procedure states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It has been well over 90 days since this Court directed service of Scott's amended complaint and well over 90 days since this Court granted Scott's motion for assistance in serving these Defendants. Docs. 25, 48.

Scott is on notice of this Court's intention to dismiss the claims against Carpenter, Koglin, and Swygert if they are not served within 30 days of the date of this order. If Scott fails to do so, his claims against Carpenter, Koglin, and Swygert will be dismissed without prejudice pursuant to Rule 4(m).

For the reasons set forth above, there is no longer good cause for staying the deadline for the served Defendants to answer or otherwise respond to Scott's amended complaint and various supplements. The served Defendants must answer or otherwise respond to Scott's amended complaint and various supplements within **twenty-one (21)** days of the date of this Order.

## VI.   Conclusion

Accordingly, it is

ORDERED that Defendants' motion to stay discovery, Doc. 49, is denied. It is further

ORDERED that the Defendants are not required to accommodate or otherwise respond to Scott's request for inspection of premises, Doc. 44. It is further

ORDERED that Scott's motion for a preliminary injunction, Doc. 61, is denied.  It is further

ORDERED that Scott's motion to appoint counsel, Doc. 61, is denied.  It is further

ORDERED that Scott shall serve Carpenter, Koglin, and Swygert within 30 days of the date of this order.  Failure to do so will result in dismissal of claims against Carpenter, Koglin, and Swygert without prejudice for failure to prosecute.  It is finally

ORDERED that the served Defendants must answer or otherwise respond to Scott's amended complaint and various supplements within **twenty-one (21)** days of the date of this Order.

DATED January 25th, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE