UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LA'SHANE DONYALE SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MARY CARPENTER, CHIEF MEDICAL OFFICIAL, INDIVIDUAL CAPACITY; WARDEN DAN SULLIVAN, CHIEF WARDEN OF SOUTH DAKOTA STATE PRISONS, INDIVIDUAL CAPACITY; NURSE LANA, CORRECTIONAL NURSE STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; RYAN VANDERAA, UNIT MANAGER, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; JASON MILLS, UNIT COORDINATOR, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; SGT. SWAGGERT, OFFICER IN CHARGE, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER GANGLER, CORRECTIONAL OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; KAYLA TINKER, HEALTH SERVICES OFFICIAL, INDIVIDUAL AND OFFICIAL CAPACITY; CHARGE NURSE STEPHANIE, CHARGE NURSE HEALTH SERVICE, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN OFFICERS, CORRECTIONAL OFFICERS THAT WORKED IN THE WEST HALL UNIT, THE "SHU" FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN HEALTH SERVICES NURSING STAFF, CORRECTIONAL NURSING STAFF THAT WORKED IN THE SEGREGATED HOUSING UNIT FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; KELLIE WASKO, SECRETARY | 4:23-CV-04020-RAL<br><br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERTION OF CLERK'S DENIAL OF DEFAULT, AND GRANTING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION OF RULE 4(m) NOTICE AND RENEWED MOTION FOR ASSISTANCE WITH SERVICE |

| |   |
|---|---|
| OF THE DEPARTMENT OF CORRECTIONS, INDIVIDUAL AND OFFICIAL CAPACITY; TERESA BITTINGER, CHIEF WARDEN OFFICIAL CAPACITY; AND DR. AARON HAYNES, OFFICIAL CAPACITY;  Defendants. | |

Plaintiff La'Shane Donyale Scott, an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Scott sought leave to amend his complaint, Doc. 15, which this Court granted, Doc. 25 at 2–3, 37. This Court then screened Scott's amended complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service upon defendants in part. Doc. 25. Defendants Dr. Mary Carpenter, Lonna Koglin, and Steven Swygert have not yet been served. See Docs. 56, 64. By Order dated January 25, 2024, this Court entered an Order, in accordance with Federal Rule of Civil Procedure 4(m), notifying Scott of the Court's intention to dismiss the claims against Carpenter, Koglin, and Swygert if there were not served within 30 days. Doc. 69 at 8. Scott has filed a motion seeking reconsideration of this Court's Rule 4(m) notice. Doc. 70. Scott also seeks clarification as to which defendants have not been served and assistance with service. Id. Scott sought entry of default against defendants Dan Sullivan, Lonna Koglin, and Steven Swygert, Doc. 65, which the Clerk of Court denied, Doc. 67. Scott has filed a motion requesting that this Court reconsider the Clerk of Court's denial of default against Koglin and Swygert. Doc. 68.

## I.      Motion for Reconsideration of the Clerk's Denial of Default

In his motion for reconsideration of the Clerk's denial of default, Scott concedes that Koglin and Swygert have not been served. Doc. 68 at 2. Scott contends that he "does not have access to a computer, telephone-book . . . or access to the internet to help him locate" Koglin and Swygert so that the USMS may serve them. Id. at 5. Because Koglin and Swygert "have failed to

2

answer, be located by Prison Officials, Defense Counsel or United States Marshals Service," Scott asserts that they are in default and that this Court should enter a judgment of default against them. "Before a default can be entered, the court must have . . . jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed. 2023). This Court does not have jurisdiction over Koglin and Swygert because they have not been served. Thus, they are not in default, and the Clerk of Court properly denied Scott's request for default under Federal Rule of Civil Procedure 55(a). See Doc. 67. Scott's motion for reconsideration of the Clerk's denial of default, Doc. 68, is denied.

## II. Motion for Reconsideration of Rule 4(m) Notice, Clarification of Served Defendants, and Renewed Motion for Assisted Service

This Court granted in part Scott's motion for assistance with service. Doc. 48. Although this Court granted Scott's motion for assistance with serving Dr. Mary Carpenter, Lonna Koglin, and Steven Swygert, these defendants have not been served because the USMS was not able to locate them at the addresses the defendants' counsel provided to the USMS in accordance with the Court's order granting in part Scott's motion for assistance with service. Doc. 51 at 2; Doc. 56 at 1, 3, 4, 6; Doc. 64 at 1, 3. Dr. Carpenter is no longer employed by the State of South Dakota, but the Attorney General's Office, which has appeared on behalf of all of the served defendants in this action, is representing Dr. Carpenter in multiple lawsuits pending in the District of South Dakota in which she is sued in her individual capacity. See, e.g., LeGrand v. Carpenter, 4:22-CV-04168-KES; Shaw v. Wasko, 4:22-CV-04054-KES; Davi v. Cook, 4:21-CV-04160-RAL; Hughbanks v. Fluke, 4:21-CV-04167-KES. In fact, the Attorney General's Office has adamantly objected to arguments that they cannot represent Dr. Carpenter and other former employees of the State of South Dakota sued for actions arising out of their employment

3

with the State of South Dakota. LeGrand, 4:22-CV-04168-KES, Doc. 50 at 6 ("it has long been the practice of representing former officers and employees of the South Dakota Department of Corrections when sued for actions alleged to have occurred while they were still employed by the State."); Christians v. Young, 4:20-CV-04083-LLP, Doc. 258 at 4 ("It is therefore rather disingenuous for Plaintiff to sue Defendants for acts arising out of their employment and yet argue that they are not entitled to representation by the Attorney General's Office. As this Court well knows, it has long been the practice of said Office to represent former officers and employees of the South Dakota Department of Corrections when sued for actions alleged to have occurred while they were still employed by the State.").

Because the Attorney General's Office is currently representing Dr. Carpenter, the Attorney General's Office should have current contact information[1] for its client. Thus, with respect to Dr. Carpenter, Scott's motion for reconsideration of Rule 4(m) notice and renewed motion for assistance with service is granted. The Attorney General's Office must provide to the USMS an address at which Dr. Carpenter may be served within fourteen (14) days of entry of this Order. Alternatively, the Attorney General's Office may arrange for Dr. Carpenter to execute a waiver of service of summons.

This Court is not aware that the Attorney General's Office is currently representing Swygert or Koglin in litigation arising of their employment with the State of South Dakota. If Swygert or Koglin are current clients of the Attorney General's Office, the Attorney General's Office must so notify the Court and provide to the USMS an address at which its current client or

---

[1] After the Court entered its initial order granting in part Scott's motion for assistance with service, it appears that defendants' counsel provided to the USMS a business address rather than a residential address for Dr. Carpenter. The USMS was not able to serve Dr. Carpenter because she "no longer works at [the] address provided." Doc. 64 at 1.

4

clients may be served within fourteen (14) days of entry of this Order. Alternatively, the Attorney General's Office may arrange for its current client or clients to execute a waiver of service of summons. If the Attorney General's Office is not currently representing Swygert or Koglin, the Attorney General's Office is directed to confirm that it cannot reasonably obtain current contact information for Swygert or Koglin and notify the Court of the results of its efforts. If the Attorney General's Office can reasonably obtain current contact information for Swygert or Koglin, the Attorney General's Office must attempt to obtain an address at which the USMS may serve these defendants and provide that address to the USMS. With respect to Swygert and Koglin, Scott's motion for reconsideration of Rule 4(m) notice and renewed motion for assistance with service is taken under advisement. This Court will enter a further order after the Attorney General's Office complies with this Order and provides the requested notification to the Court.

Finally, the Court orders that the current contact information, including addresses, for Dr. Carpenter, Swygert, and Koglin shall <u>not</u> be provided to Scott and shall <u>not</u> be included in any publicly available filing.

### III. CONCLUSION

Accordingly, it is

ORDERED that Scott's motion for reconsideration of Clerk's denial of default, Doc. 68, is denied. It is further

ORDERED that with respect to Dr. Carpenter, Scott's motion for reconsideration of Rule 4(m) notice and renewed motion for assistance with service, Doc. 70, is granted. The Attorney General's Office must provide to the USMS an address at which Dr. Carpenter may be served within fourteen (14) days of entry of this Order. Alternatively, the Attorney General's Office may arrange for Dr. Carpenter to execute a waiver of admission of service. The Clerk of Court is

directed to redact Dr. Carpenter's address from the return of service before it is filed and to provide a redacted copy to Scott. It is further

ORDERED that the United States Marshal Service must insert the Dr. Carpenter's address that the Attorney General's Office provides on the completed summons and USM-285 Form returned by Scott (Docket 72 at 2–4), and serve the completed summons (Docket 72), together with a copy of the complaint, Doc. 1, the amendment to the complaint, Doc. 15-1, this Court's opinion and order conducting 1915A screening, Doc. 25, and this order, upon Dr. Carpenter. It is further

ORDERED that the Clerk of Court is directed to redact Dr. Carpenter's address from the summons, return of service, and USM-285 form before it is filed and to provide redacted copies to Scott. Dr. Carpenter's address must not appear in any publicly available filing or any filing or pleading provided to Scott. It is finally

ORDERED that with respect to Swygert and Koglin, Scott's motion for reconsideration of Rule 4(m) notice and renewed motion for assistance with service, Doc. 70, is taken under advisement. This Court will enter a further order after the Attorney General's Office complies with this Order and provides the requested notification to the Court.

DATED this 15th day of February, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE