UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LA'SHANE DONYALE SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MARY CARPENTER, CHIEF MEDICAL OFFICIAL, INDIVIDUAL CAPACITY; WARDEN DAN SULLIVAN, CHIEF WARDEN OF SOUTH DAKOTA STATE PRISONS, INDIVIDUAL CAPACITY; NURSE LANA, CORRECTIONAL NURSE STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; RYAN VANDERAA, UNIT MANAGER, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; JASON MILLS, UNIT COORDINATOR, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; SGT. SWAGGERT, OFFICER IN CHARGE, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER GANGLER, CORRECTIONAL OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; KAYLA TINKER, HEALTH SERVICES OFFICIAL, INDIVIDUAL AND OFFICIAL CAPACITY; CHARGE NURSE STEPHANIE, CHARGE NURSE HEALTH SERVICE, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN OFFICERS, CORRECTIONAL OFFICERS THAT WORKED IN THE WEST HALL UNIT, THE "SHU" FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN HEALTH SERVICES NURSING STAFF, CORRECTIONAL NURSING STAFF THAT WORKED IN THE SEGREGATED HOUSING UNIT FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; KELLIE WASKO, SECRETARY | 4:23-CV-04020-RAL<br><br><br>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION OF RULE 4(m) NOTICE AND RENEWED MOTION FOR ASSISTANCE WITH SERVICE, DENYING PLAINTIFF'S MOTION FOR CLARIFICATION, AND OVERRULING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' ANSWER |

| | |
|---|---|
| OF THE DEPARTMENT OF CORRECTIONS, INDIVIDUAL AND OFFICIAL CAPACITY; TERESA BITTINGER, CHIEF WARDEN OFFICIAL CAPACITY; AND DR. AARON HAYNES, OFFICIAL CAPACITY;<br><br>Defendants. | |

Plaintiff La'Shane Donyale Scott, an inmate at the South Dakota State Penitentiary (SDSP), filed a pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Scott sought leave to amend his complaint, Doc. 15, which this Court granted, Doc. 25 at 2–3, 37. This Court then screened Scott's amended complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service upon defendants in part. Doc. 25. Some of the defendants are no longer employed by the SDSP, and Scott has filed motions seeking assistance in serving these defendants. See Docs. 45, 70. Scott has also filed a motion for clarification, Doc. 83, and objections to the Answer filed by the Defendants who have been served, Doc. 90. This Court now addresses Scott's pending motions.

I.  **Motion for Reconsideration of Rule 4(m) Notice**

By Order dated January 25, 2024, this Court entered an Order, in accordance with Federal Rule of Civil Procedure 4(m), notifying Scott of the Court's intention to dismiss the claims against three defendants who had not been served, Dr. Mary Carpenter, Lonna Koglin, and Steven Swygert, if they were not served within thirty (30) days. Doc. 69 at 8. Scott filed a motion seeking reconsideration of this Court's Rule 4(m) notice and a renewed motion for assistance with service. Doc. 70. This Court granted Scott's motion for reconsideration of Rule 4(m) notice and renewed motion for assistance with service with respect to Dr. Carpenter. Doc. 75 at 4. With respect to Koglin and Swygert, this Court directed the Attorney General's Office to provide to the USMS an address at which these defendants may be served if the Attorney General's Office is currently representing one or both of these defendants in litigation arising out of their employment with the

State of South Dakota. Id. at 4–5. This Court also directed the Attorney General's Office to confirm that it cannot reasonably obtain current contact information for Koglin and/or Swygert if the Attorney General's Office is not currently representing them. Id. at 5. The Court took Scott's motion for reconsideration of Rule 4(m) notice and renewed motion for assistance with service under advisement with respect to Koglin and Swygert. Id. at 5–6.

Swygert has been served and has answered. See Doc. 82; Doc. 88 at 3. Thus, Scott's motion for reconsideration of Rule 4(m) notice and renewed motion for assistance with service with respect to Swygert, Doc. 70, is denied as moot.

Koglin has not yet been served. Docs. 78, 88 at 3. In his motion for reconsideration of Rule 4(m), Scott asserts that Koglin has evaded service. Doc. 70 at 2. But the record does not support this assertion. Koglin is no longer employed by the SDSP. Doc. 33 at 22–24. In accordance with this Court's Order, the Attorney General's Office has provided to the USMS Koglin's last known address, Doc. 51 at 2, but Koglin was no longer at that address when the USMS attempted to serve her, Doc. 56 at 4–6. These facts do not constitute evading service. In fact, Scott has not provided any evidence that Koglin is aware that she has been named as a defendant in this lawsuit. This Court does not question Scott's contention that he lacks the ability to search for Koglin's current address due to his incarceration, Doc. 70 at 1, but this Court has already ordered the Attorney General's Office to provide Koglin's last known address to the USMS. The Court is not inclined to order that the Attorney General Office's further assist Scott in serving a former employee of the SDSP. Accordingly, Scott's renewed motion for assistance with service with respect to Koglin, Doc. 70, is denied, but the Court will extend Scott's time for serving Koglin for an additional forty-five (45) days. Thus, Scott's motion for reconsideration of Rule 4(m) with respect to Koglin, Doc. 70, is granted in part.

3

## II.  Scott's Motion for Clarification

Scott moves for an order clarifying this Court's Opinion and Order Denying Plaintiff's Motion for Reconsideration of Clerk's Denial of Default and Granting in Part Plaintiff's Motion for Reconsideration of Rule 4(m) Notice and Renewed Motion for Assistance with Service. Doc. 83. Scott requests clarification because the Defendants had not complied with three orders this Court had issued when he filed his motion for clarification. Id. But, as discussed below, the Defendants have now complied with the orders that are the subject of Scott's motion for clarification. Thus, Scott's motion for clarification, Doc. 83, is denied as moot.

The Court ordered the Attorney General's Office to provide the Court certain information to permit the Court to rule on Scott's Motion for Reconsideration of Rule 4(m) Notice and Renewed Motion for Assistance with Service with respect to Koglin and Swygert. Doc. 75 at 4–5. When Scott filed his motion for clarification, Doc. 83, more than fourteen (14) days had elapsed since the Court had ordered the Attorney General's Office to provide the Court information about the two unserved defendants, Swygert and Koglin, but there was no indication in the record that the Attorney General's Office had complied with the Court's order. Subsequently, the Defendants' attorney filed a certificate of compliance confirming that he had provided to the USMS the last known addresses for Dr. Carpenter, Steven Swygert, and Lonna Koglin. Doc. 85. As previously noted, Dr. Carpenter and Swygert have been served and have answered. Docs. 82, 84, 87. Although Koglin has not yet been served, the Court finds that Defendants have substantially complied with the Court's previous order. The Court understands that the last known address for Koglin that the Defendants' counsel provided to the USMS on February 27, 2024,[1] is the same

---

[1] It appears that the Certificate of Compliance contains a typographical error. The Certificate states that the last known addresses were provided on February 27, 2023, but this Court did not order that the addresses be provided until February 15, 2024. See Doc. 75. Further, Swygert was served

4

address that the Defendants' counsel provided to the USMS on September 11, 2023, in compliance with the Court's initial order granting in part Scott's motion for assistance with service. Docs. 48, 51. If Koglin were a current client of the Attorney General's office, the Court assumes that the Defendants' counsel would have provided an address at which Koglin could be located and served. Further, a search of the CF/ECM filings in the District of South Dakota does not reveal that Koglin is a party in any other lawsuit. The Defendants' counsel did not specifically inform that Court that he could not reasonably obtain current contact information for Koglin, but the record indirectly indicates that he could not do so. The Defendants' counsel was able to obtain current contact information for Swygert because Swygert was served at the address provided on February 27, 2024, but the USMS was not able to located Swygert when they attempted to serve him at the address provided on September 11, 2023. Compare Doc. 56-1 at 1–3 with Doc. 82. It follows that if the Defendants' counsel had been able to obtain current contact information for Koglin on or about February 27, 2024, that the Defendants' counsel would have provided that address rather than the same address that was provided on September 11, 2023.

After the Defendants' counsel filed a Certificate of Compliance informing the Court that she had complied with the Court's Order granting in part Scott's motion for assistance with service, Scott notified the Court that an invoice from Dakota Storm Roofing was attached to his service copy of the certificate of compliance. See Doc. 53 ¶ 14. The invoice was not filed with the Court or mentioned in the certificate of compliance. See Doc. 51. The Court requested that Defendants' counsel comply with Scott's request for clarification that the invoice was sent to him by mistake and that he is not responsible for the bill. Doc. 69 at 5. At the time Scott filed his motion for

---

on March 11, 2024, and Dr. Carpenter was served on March 13, 2024, Docs. 82, 84, which is consistent with the Defendants' counsel providing the last known addresses on February 27, 2024.

5

clarification, Scott contends that the Defendants had not provided the requested clarification. Doc. 83 at 1. However, the Defendants have now provided the requested clarification and confirmed that the "invoice was inadvertently included in a mailing to [Scott] by [the] Attorney General's Office support staff . . . and is not related to this case and was not meant to infer any obligation on [Scott's] part[.]" Doc. 88 at 5.

On January 26, 2024, this Court entered an opinion and order addressing pending motions filed by Scott as well as the Defendants. See Doc. 69. Because the Court issued a Rule 4(m) notice for the three unserved defendants, the Court ordered the served Defendants to answer or otherwise respond to Scott's amended complaints and various supplements within twenty-one (21) days of the date of the Order. Id. at 9. In his motion for clarification, Scott requests that the Court order the defendants to comply with this Court's previous orders to keep "this civil case moving with judicial progress." Doc. 83 at 2. Subsequently, Scott filed a motion for default judgment, Doc. 86, which the Clerk of Court properly construed as a motion for entry of default under Rule 55(a) of the Federal Rules of Civil Procedure. Doc. 89 at 2. The Clerk of Court declined to enter default because the served Defendants filed an answer, Doc. 87, and a brief in opposition to Scott's motion for default judgment, Doc. 88, demonstrating "their intent to defend, albeit untimely[.]" Doc. 89 at 3–4.

### III.    Scott's Objections to Defendants' Answer

Scott has filed "Objections to the Defendants' Answer, Affirmative Defenses, and Their Motion to Dismiss." Doc. 90 at 1. Scott also moves for appointment of counsel and requests that the Court hold a pretrial conference or scheduling hearing. Id. at 1, 4–5.

A.   **Scott's Objections to Defendants' Answer**

Scott objects to Defendants' Answer because "Defendants fail to give this [C]ourt any real or viable reason for neglecting to follow" this Court's January 25, 2024, Order directing the served Defendants to answer or otherwise respond to Scott's amended complaint and various supplements within twenty-one (21) days of the Court's Order. Doc. 90 at 1. Scott also objects to specific paragraphs of Defendants' Answer and challenges the viability of some affirmative defenses. Id. at 2–4.

Federal Rule of Civil Procedure 7(a) does not permit a plaintiff to file a reply to an answer unless ordered by the court. This Court has not ordered Scott to reply to Defendants' Answer. At this stage of the proceedings, Scott's objections to specific paragraphs of Defendants' Answer and objections to Defendants' affirmative defenses are not proper. These objections are overruled without prejudice to Scott renewing the objections in a dispositive motion.

In their response to Scott's motion for default, the served Defendants concede that they did not timely answer or otherwise respond to Scott's motion for default judgment. Doc. 88 at 3–5. Federal Rule of Civil Procedure 6(b)(1)(B) permits the court to extend the time for a party to submit a filing "if the party failed to act because of excusable neglect." But the served Defendants did not seek leave of court to file their Answer after the court-ordered deadline for doing so had expired. This Court liberally construes Scott's objection to Defendants' Answer as a motion to strike the Answer as untimely, but Defendants' response to Scott's motion for default judgment establishes good cause and excusable neglect. See Doc. 88. "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.' " Chorosevic v. MetLife Choices, 600 F.3d 934, 946 (8th Cir. 2010) (quoting Pioneer

7

Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 388 (1993)). For this reason, this Court declines to strike Defendants' Answer as untimely, and Scott's objection to Defendants' Answer on the grounds of timeliness is overruled.

### B. Scott's Renewed Motion for Appointment of Counsel

Scott once again requests that the Court appoint counsel to assist him with discovery and arguments that may be increasingly difficult for him to address. Doc. 90 at 5. This is Scott's third motion for motion for appointment of counsel. See Docs. 16, 61. As this Court stated when it denied Scott's previous motions, his claims do not appear to be complex, and he has demonstrated that he has the ability to investigate and present his claims at this phase of the litigation. Doc. 25 at 36–37; Doc. 69 at 7. In support of his third motion for appointment of counsel, Scott has not provided any legitimate reason for this Court to reconsider or revisit its previous rulings. Swackhamer v. Scott, 2008 WL 1969670, at *1 (8th Cir. May 8, 2008) (per curiam) (stating that a court is entitled to rely on its previous rulings denying the appointment of counsel when there is an "absence of any reason to revisit or modify it"). Thus, Scott's third motion for appointment of counsel, Doc. 90 at 5, is denied.

### C. Scott's Motion for Scheduling Hearing or Pretrial Conference

Scott requests that the Court conduct a scheduling hearing or pretrial conference. Doc. 90 at 4. Typically, this Court does not conduct scheduling hearings, and this case is exempt from the discovery planning conference required by Federal Rule of Civil Procedure 26(f). See D.S.D. Civ. LR 16.1, 26.2. However, this Court construes Scott's motion as a motion for scheduling order, which is granted. This Court will issue a Rule 16 Scheduling Order.

### IV. Conclusion

Accordingly, it is

ORDERED that Scott's motion for reconsideration of Rule 4(m) notice and renewed motion for assistance with service with respect to Swygert, Doc. 70, is denied as moot. It is further

ORDERED that Scott's motion for reconsideration of Rule 4(m) notice and renewed motion for assistance with service with respect to Koglin, Doc. 70, is denied in part and granted in part. Scott's time for serving Koglin is extended for an additional forty-five (45) days. It is further

ORDERED that Scott's motion for clarification, Doc. 83, is denied as moot. It is further

ORDERED that Scott's objections to specific paragraphs of Defendants' Answer and Defendants' affirmative defenses are overruled without prejudice to Scott renewing the objections in a dispositive motion. It is further

ORDERED that Scott's objection to the Defendants' Answer on the grounds of timeliness is overruled.

ORDERED that Scott's motion for appointment of counsel, Doc. 90 at 5, is denied. It is finally

ORDERED that Scott's motion for scheduling order, Doc. 90 at 4, is granted, and this Court will issue a Rule 16 Scheduling Order.

DATED this 15th day of May, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE