UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LA'SHANE DONYALE SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MARY CARPENTER, CHIEF MEDICAL OFFICIAL, INDIVIDUAL CAPACITY; WARDEN DAN SULLIVAN, CHIEF WARDEN OF SOUTH DAKOTA STATE PRISONS, INDIVIDUAL CAPACITY; NURSE LANA, CORRECTIONAL NURSE STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; RYAN VANDERAA, UNIT MANAGER, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; JASON MILLS, UNIT COORDINATOR, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; SGT. SWAGGERT, OFFICER IN CHARGE, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER GANGLER, CORRECTIONAL OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; KAYLA TINKER, HEALTH SERVICES OFFICIAL, INDIVIDUAL AND OFFICIAL CAPACITY; CHARGE NURSE STEPHANIE, CHARGE NURSE HEALTH SERVICE, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN OFFICERS, CORRECTIONAL OFFICERS THAT WORKED IN THE WEST HALL UNIT, THE "SHU" FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN HEALTH SERVICES NURSING STAFF, CORRECTIONAL NURSING STAFF THAT WORKED IN THE SEGREGATED HOUSING UNIT FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; KELLIE WASKO, SECRETARY | 4:23-CV-04020-RAL<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME, MOTION TO CORRECT CAPTION, AND RENEWED MOTION FOR ASSISTANCE WITH SERVICE |

| | |
|---|---|
| OF THE DEPARTMENT OF CORRECTIONS, INDIVIDUAL AND OFFICIAL CAPACITY; TERESA BITTINGER, CHIEF WARDEN OFFICIAL CAPACITY; AND DR. AARON HAYNES, OFFICIAL CAPACITY;<br><br>  Defendants. | |

Plaintiff La'Shane Donyale Scott, an inmate at the South Dakota State Penitentiary (SDSP), filed this pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. After Scott requested that the Court hold a pretrial conference or scheduling hearing, Doc. 90 at 1, 4–5, this Court entered a Rule 16 Scheduling Order, Doc. 92. The Rule 16 Scheduling Order provides that "[t]he parties shall have until **June 14, 2024**, to move to join additional parties and to amend the pleadings." Doc. 92 ¶ 2. Scott moves for an extension of the deadline to join additional parties and to amend the pleadings. Doc. 97. Scott also moves to amend the caption on two declarations he alleges he filed and renews his motion for assistance with serving Aramark and its employees, Linda and Tanya, and Nurse Sarah and Nurse Alexis. Doc. 94.

I. **Scott's Motion for Extension**

Scott's motion for extension of time is dated July 8, 2024, and states that it was placed in the institution's mail box on July 8, 2024. Doc. 97 at 3. Thus, Scott's motion for extension of time is deemed to have been filed on July 8, 2024. Houston v. Lack, 487 U.S. 266, 276 (1988). Because Scott's motion for extension was filed after the deadline to move to join additional parties and to amend the pleading had expired, Scott must demonstrate excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In his motion, Scott contends that the deadline should be extended because he was in the Special Housing Unit where inmate privileges are restricted until June 13, 2024, and did receive his legal materials or have access to a tablet until June 21, 2024. Doc. 97 at 2. But Scott did not promptly file his motion for extension of time when he able to do so, and his motion does

2

not demonstrate excusable neglect for his failure to do so. Thus, Scott's motion for extension of time, Doc. 97, is denied.

## II. Scott's Motion to Correct Caption and Renewed Motion for Assistance with Service

Scott moves to correct the caption for two declarations he asserts that he inadvertently filed in this case instead of in another pending civil case, Scott v. Haynes, 4:23-CV-04115-RAL. Doc. 94. Specifically, Scott asserts that he mistakenly wrote the wrong civil number on a declaration from Nathan DeWall and a declaration from Aaron Barb. Id. at 1. These declarations were dated May 29 and May 30, 2023. Id. This Court has reviewed the docket entries in this case, and Scott has not filed a declaration from DeWall or Barb. Thus, Scott's motion to correct caption, Doc. 94, is denied as moot.

Scott also moves for assistance in serving Aramark and its employees, Linda and Tanya, and Nurse Sarah and Nurse Alexis. Doc 94 at 2–3. But Aramark and its employees, Linda and Tanya, and Nurse Sarah and Nurse Alexis are not defendants in this case. It appears that Scott intended to file this request in his other pending civil case, Scott v. Haynes, 4:23-CV-04115-RAL, in which Ararmark, its employees, and Nurses Sarah and Alexis are named as defendants. Scott's renewed motion for assistance with service, Doc. 94, is denied as moot, and the Clerk of Court is directed to file a copy of Scott's motion, Doc. 94, in Scott v. Haynes, 4:23-CV-04115-RAL.

Accordingly, it is

ORDERED that Scott's motion for extension of time, Doc. 97, is denied. It is further

ORDERED that Scott's motion to correct caption and renewed motion for assistance with service, Doc. 94, is denied as moot. It is finally

ORDRED that the Clerk of Court file a copy of Scott's motion, Doc. 94, in <u>Scott v. Haynes</u>, 4:23-CV-04115-RAL.

DATED this 16th day of July, 2024.

                 BY THE COURT:

                 _____
                 ROBERTO A. LANGE
                 CHIEF JUDGE