UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LA'SHANE DONYALE SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MARY CARPENTER, CHIEF MEDICAL OFFICIAL, INDIVIDUAL CAPACITY; WARDEN DAN SULLIVAN, CHIEF WARDEN OF SOUTH DAKOTA STATE PRISONS, INDIVIDUAL CAPACITY; NURSE LONNA KOGLIN, CORRECTIONAL NURSE STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; RYAN VANDERAA, UNIT MANAGER, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; JASON MILLS, UNIT COORDINATOR, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; SGT. STEVEN SWYGERT, OFFICER IN CHARGE, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER GANGLER, CORRECTIONAL OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; KAYLA TINKER, HEALTH SERVICES OFFICIAL, INDIVIDUAL AND OFFICIAL CAPACITY; CHARGE NURSE STEPHANIE MEINDERS; CHARGE NURSE HEALTH SERVICE, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN OFFICERS, CORRECTIONAL OFFICERS THAT WORKED IN THE WEST HALL UNIT, THE "SHU" FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN HEALTH SERVICES NURSING STAFF, CORRECTIONAL NURSING STAFF THAT WORKED IN THE SEGREGATED HOUSING UNIT FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; | 4:23-CV-04020-RAL<br><br><br>OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY, GRANTING PLAINTIFF'S MOTION TO COMPEL AND MOTION TO EXTEND, AND DENYING PLAINTIFF'S MOTIONS FOR JOINDER, APPOINTMENT OF COUNSEL, TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, AND FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINTS |

|  |  |
|---|---|
| KELLIE WASKO, SECRETARY OF THE DEPARTMENT OF CORRECTIONS, INDIVIDUAL AND OFFICIAL CAPACITY; TERESA BITTINGER, CHIEF WARDEN OFFICIAL CAPACITY; AND DR. AARON HAYNES, OFFICIAL CAPACITY;<br><br>Defendants. |  |

Plaintiff La'Shane Donyale Scott, an inmate at the South Dakota State Penitentiary (SDSP), filed this pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Defendants move to stay discovery, Doc. 95, and Scott has filed a motion to compel, Docs. 108, 111. Scott has also filed other motions, including a motion for joinder, Doc. 98; a motion for appointment of counsel, Doc. 102; a motion for temporary restraining order and preliminary injunction, Doc. 105; motions for leave to file supplemental complaints, Docs. 113, 115; and a motion to extend, Doc. 114. The Court now considers these motions.

**I.    Defendants' Motion to Stay and Related Motions (Docs. 95, 108, 111)**

Defendants move to stay discovery until this Court resolves the question of the applicability of the doctrine of qualified immunity. Doc. 95. Defendants previously moved to stay discovery until this Court ruled on their forthcoming motion for summary judgment. Doc. 49; Doc. 50 at 2–3. This Court denied defendants' motion to stay discovery without prejudice. Doc. 69 at 3–4. The Court explained that the Supreme Court of the United States and the United States Court of Appeals for the Eighth Circuit have recognized that in some circumstances limited discovery may be required to resolve the issue of qualified immunity. Id. at 3 (citing Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Tech. Ordnance, Inc. v. United States, 244 F.3d 641, 647 (8th Cir. 2001)). In Lovelace v. Delo, the Eighth Circuit held that "if the plaintiffs' allegations state a claim of violation of clearly established law and the parties disagree as to what actions the law

enforcement officers took, discovery may be appropriate for the limited purpose of addressing the issue of qualified immunity." 47 F.3d 286, 287 (8th Cir. 1995) (per curiam) (citing Anderson, 483 U.S. at 646 n.6)). When defendants initially moved to stay discovery, they had not answered or otherwise responded to Scott's amended complaint, so it was not clear whether this is one of those cases in which limited discovery may be required to resolve the qualified immunity issue. Doc. 69 at 4. Finally, this Court also noted that Scott had asserted claims for injunctive relief that survived screening, to which the defense of qualified immunity does not apply. Id.

Defendants have filed a second motion to stay discovery, which appears to have been prompted by discovery requests Scott served. Doc. 95; see also Doc. 98 at 4–5; Doc. 109 at 1–3; Doc. 110. Scott opposes defendants' motion, Doc. 98 at 4–7, and moves to compel responses to his pending discovery requests. Docs. 108, 111. Defendants oppose Scott's motion to compel and argue that it is premature because of their pending motion to stay. Doc. 116.

In their answer to Scott's amended complaint, defendants summarily denied every allegation other than the allegations regarding their employment.[1] Doc. 87 ¶¶ 1–12. When defendants filed their second motion to stay discovery, they did not explain why this is not a case in which limited discovery may be necessary to address the qualified immunity issue. See generally Docs. 95, 96. Based on defendants' answer, it appears that the parties disagree as to what actions defendants took. Defendants' motion to stay does not explain why Scott's pending discovery requests are not relevant and not related to the arguments they intend to raise in support

---

[1] Defendants filed their answer on April 12, 2024. Doc. 87. In support of their motion to stay, defendants argue that the issue of qualified immunity should be resolved early in the proceedings. Doc. 96 at 4. The motion deadline is January 22, 2025, Doc. 92 ¶ 4, but defendants could have filed their motion for summary judgment along with their answer or shortly thereafter. See Fed. R. Civ. P. 56(b) (stating that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). To date, defendants have not filed a motion for summary judgment on the issue of qualified immunity.

3

of their qualified immunity defense. See generally Docs. 95, 96. Finally, defendants' motion to stay discovery does not address the pending claims for injunctive relief to which qualified immunity is not a defense. For these reasons, defendants' motion to stay discovery, Doc. 95, is denied, and Scott's motion to compel, Docs. 108, 111, is granted to the extent that the defendants are required to respond to Scott's outstanding discovery requests within **thirty (30)** days of the date of this Order.

## II.   Motion for Joinder (Doc. 98)

Scott has a second § 1983 case pending in the District of South Dakota, Scott v. Haynes, 4:23-CV-04115-RAL (D.S.D.). Scott moves for "joinder of both civil cases," Doc. 98 at 1–2 (capitalization in original omitted), because both cases are pending before the undersigned Judge, the same attorney has appeared for the defendants in both cases, and some, but not all, of the defendants are named in both cases. Scott cites Federal Rule of Civil Procedure 19 in support of his motion. Id. at 1. To the extent Scott seeks relief under Rule 19, his motion is denied. Rule 19 outlines the procedure for joinder of parties to a single pending lawsuit. Rule 19 is not a mechanism for joining or consolidating two pending lawsuits.

Federal Rule of Civil Procedure 42(a) gives a district court discretion to "(1) join for hearing or trial any or all matters at issue in the actions; [or] (2) consolidate the actions" if there is a common question of law or fact. In each of his cases, Scott asserted multiple claims against numerous defendants, but the claims in each case are distinct. The cases are at different stages. In this case, the Court has issued a Rule 16 Scheduling Order and all the deadlines, other than the motion deadline, have expired. See Doc. 92. In Scott's other case, the Court only recently entered a scheduling order, and the motion deadline does not expire until July 1, 2025. Scott v. Haynes, 4:23-CV-04115-RAL (D.S.D.), Doc. 66. In each of the cases, defendants argue they are entitled to qualified immunity. While there may be a common question of law or fact, there are many more

4

questions of law and fact that are not common. Consolidating the cases before the Court considers any motions for summary judgment is not in the interest of judicial economy or the just, speedy, and inexpensive determination of each of the actions. Based on the number of claims and number of defendants in each of the cases, the Court anticipates that the summary judgment pleadings will be voluminous. Thus, it is more appropriate to consider separately defendants' motions for summary judgment. If claims survive in both of Scott's cases that involve a common question of law or fact, the Court will consider whether the actions should be consolidated for further proceedings. To the extent Scott's motion for joinder, Doc. 98, seeks consolidation of his pending civil cases, it is denied without prejudice.

Scott's motion for joinder also seeks unrelated relief. Scott alleges that he has no means of contacting attorneys or legal assistance organizations because he lacks access to contact information such as phone numbers or addresses. Doc. 98 at 3. Scott requests that the Court order the Department of Corrections to provide him a "listing of attorneys and legal assistance [organizations] that he can reach out to directly, including [for] pro bono assistance." Id. However, it is not the responsibility of the Department of Corrections to help Scott find a lawyer to sue employees of the Department of Corrections.

Citing to Federal Rule of Civil Procedure 8(c)(2), Scott moves for leave to file for lack of knowledge or information. Id. at 1, 3. Federal Rule of Civil Procedure 8(b)(5) provides that when responding to a pleading, "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." At this stage of the proceedings, all the initial pleadings allowed by the Federal Rules of Civil Procedure have been filed. See Fed. R. Civ. P. 7(a). Scott's motion for leave to file for lack of knowledge or information is denied as moot. However, because Scott is proceeding pro se, this Court has and

5

will continue to construe his filings liberally. See Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted).

### III. Motion for Appointment of Counsel (Doc. 102)

Scott moves for appointment of counsel. Doc. 102. This is Scott's third motion for appointment of counsel. See Docs. 16, 61. Defendants oppose Scott's motion. Doc. 107. As this Court stated when denying Scott's previous motions, this Court believes that Scott is capable of pursuing his claims pro se at this phase of the litigation. Doc. 25 at 36–37; Doc. 69 at 7. For the most part, Scott raises the same arguments in support of his pending motion for appointment of counsel that he raised in support of his prior motions. Compare Docs. 16, 61 *with* Doc. 102. However, Scott does allege that in August 2024, he was unable to access Westlaw because of technical difficulties with his tablet. Doc. 105 at 2. Defendants do not dispute that Scott was unable to access Westlaw for a period of time in August 2024, but when Scott submitted a grievance, the issue was addressed and resolved. Doc. 107 at 3–4. Thus, Scott provides no legitimate reason for this Court to reconsider or revisit its previous rulings. Swackhamer v. Scott, 276 F. App'x 544, 545 (8th Cir. 2008) (per curiam) (stating that a court is entitled to rely on its previous rulings denying the appointment of counsel when there is an "absence of any reason to revisit or modify it."). Scott's motion for appointment of counsel, Doc. 102, is denied.

### IV. Motion for Temporary Restraining Order (Doc. 105)

Scott moves for a temporary restraining order and preliminary injunction. Doc. 105. Defendants oppose Scott's motion and argue that he is not entitled to a temporary restraining order or a preliminary injunction. Doc. 112. In his motion, Scott requests that this Court order defendants to provide him medical and dental care for injuries he alleges he sustained when he was assaulted by other inmates on August 5, 2024, and August 8, 2024. Doc. 105 at 1–2. Scott

also alleges that defendants have failed to provide him with a functional pin number that will permit him to access Westlaw on his tablet. Id. at 2. Scott requests that the Court order defendants to provide him a functional log in pin number.[2] Id.

A temporary restraining order is issued only in the extremely rare instance in which court action must be taken without notice to the nonmoving party. Fed. R. Civ. P. 65(b). Because Defendants were provided notice and filed a response, the Court will construe Scott's motion as a request for a preliminary injunction. See Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party.").

A preliminary injunction is an "extraordinary and drastic remedy[.]" Munaf v. Geren, 553 U.S. 674, 689–90 (2008) (citation omitted). Scott, the party seeking preliminary relief, bears the burden of establishing the elements necessary for relief. Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). Whether a preliminary injunction should issue is decided by weighing the four Dataphase factors: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981). In a prison setting, a request for a preliminary injunction "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

---

[2] Defendants do not dispute that for a period of time Scott was unable to log in to Westlaw, but defendants state that Scott's access to Westlaw was restored on August 29, 2024, the same date on which Scott's motion for a temporary restraining order and preliminary injunction was filed. Doc. 107 at 3–4. Thus, defendants argue that Scott's motion, at least in part, is moot. Doc. 112 at 3.

To the extent Scott is seeking a preliminary injunction because he lacked access to Westlaw, Scott's motion must be denied because his request for preliminary injunctive relief is not related to the allegations in his complaint or his amended complaint. The purpose of preliminary relief, such as a temporary restraining order or preliminary injunction, is to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of the complaint. Dataphase, 640 F.2d at 113 n.5 (citation omitted). A plaintiff seeking injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). "It is inappropriate to grant a preliminary injunction for matters 'lying wholly outside the issues in the suit.'" Brakeall v. Stanwick-Klemik, 4:17-CV-04101-LLP, 2019 WL 3807272, at *1 (D.S.D. Aug. 13, 2019) (quoting De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945)). In his amended complaint, Scott alleged that his First Amendment right to access the courts was violated, but this claim did not survive screening. Doc. 25 at 24–27. To the extent Scott seeks preliminary injunctive relief because he lacks access to Westlaw, his motion is denied. Devose, 42 F.3d at 471 (upholding district court denial of motion for preliminary injunction when motion was based on new assertions of misconduct that were different from claim raised).

In this § 1983 action, Scott alleges that defendants are liable for deliberate indifference to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Scott alleges that he is prone to seizures and requires medication to prevent seizures. Doc. 10 at 1–2. He also alleges that he was prescribed medication for an infection. Doc. 22 at 2. According to Scott, defendants were aware of his need for anti-seizure medication and medication prescribed for his infection, but they refused to allow him his medication in October 2022 and March 2023. Doc. 10 at 1–2; Doc. 22 at 2. Scott's motion for

preliminary injunction stems from an alleged failure to provide medical and dental care Scott contends he requires following assaults by other inmates in August 2024. Doc. 105 at 1–2. Again, because Scott's new claim on which he seeks injunctive relief is not related to the claims in his amended complaint, Scott's motion for preliminary injunction, Doc. 105, is denied.

V.      **Motions for Leave to File Supplemental Complaints (Docs. 113, 115)**

Scott moves for leave to file a supplemental complaint. Doc. 115. In his reply brief in support of his motion for appointment of counsel,[3] Scott also moves "To ADD New Facts In Supplement of the Complaint." Doc. 113 at 1. In his proposed supplemental complaints, Scott seeks to allege additional claims against some of the existing defendants, additional defendants, and two defendants (Rohwer and Ekeren) in another case that Scott has pending. See id. at 4; Doc. 115. The additional claims in Scott's supplemental complaints relate to an incident on August 5, 2024, and an incident on August 8, 2024, when other inmates assaulted Scott. Doc. 113 at 4; Doc. 115 at 2. Scott alleges that prison officials "set-up" the assaults in retaliation for filing grievances, complaints, and lawsuits. Doc. 115 at 2. Scott also alleges that he was denied proper medical and dental care following the August 2024 assaults. Id. at 5. Defendants oppose Scott's motion for leave to file supplemental complaints. Doc. 118. Defendants argue that permitting Scott to "continually amend [or supplement] the Complaints that he already has pending will frustrate, rather than promote, the just and speedy resolution" of this matter. Id. at 3.

Federal Rule of Civil Procedure 15(d) provides:

On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or

---

[3] Scott titled this pleading as "'Plaintiff[']s Objection,' To Defendants['] Response To Plaintiff[']s Motion For Appointment of Counsel." Doc. 113 at 1.

9

defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Supplemental pleadings require leave of court under Rule 15(d). 6A Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1504 (3d ed.) "[B]oth a motion of a party, and leave of court are required as a prerequisite to the service and filing of supplemental pleadings." 3 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 15.30 (3d ed.). Whether to grant leave to file a supplemental pleading is left to the sound discretion of the trial court, and such decision will not be disturbed on appeal absent an abuse of discretion. Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co., 284 F.2d 478, 481 (8th Cir. 1960). The standard used by a district court in deciding whether to grant leave to file a supplemental complaint is the same standard that applies when deciding whether to grant leave to file an amended complaint. Glatt v. Chicago Park Dist., 87 F.3d 190, 194 (7th Cir. 1996).

This Court agrees granting Scott leave to file and serve supplemental complaints asserting additional claims based on the August 2024 assaults and related incidents will prejudice defendants and unduly delay this case. The Court entered a scheduling order on May 15, 2024. Doc. 92. The deadline to move to join additional parties and to amend the pleadings expired on June 14, 2024. Id. ¶ 2. The discovery deadline expired on November 22, 2024. Id. ¶ 3. Granting Scott leave to file supplemental complaints to add new claims and facts related to his recent assaults would delay the resolution of the claims that survived § 1915A screening. Although Scott alleges that some of the existing defendants are responsible for the incidents on which his proposed supplemental complaints are based, it appears that many of the existing defendants are not named as defendants in Scott's proposed supplemental complaints.

As previously discussed, these defendants contend that they are entitled to qualified immunity and want the Court to rule on the applicability of this defense sooner rather than later.

Granting Scott leave to file supplemental complaints could require some defendants to elect between filing piecemeal motions for summary judgment or delaying a motion for summary judgment on the basis of qualified immunity. Neither option is in the interest of securing a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Finally, Scott will not be prejudiced if the Court denies him leave to file and serve supplemental complaints. If he chooses to pursue claims related to the August 2024 assaults, he may file a separate lawsuit raising these claims. For these reasons, Scott's motions for leave to file supplemental complaints, Docs. 113, 115, are denied. See Thorp v. Dist. of Columbia, 325 F.R.D. 510, 514 (D.D.C. 2018) (denying leave to file a supplemental complaint containing allegations unrelated to the original complaint and implicating new defendants and noting that granting leave would have unreasonably delayed resolution on the merits and caused additional expense to the current defendants); Singleton v. Hoester, 505 F. Supp. 54, 57–58 (E.D. Mo. 1980) (denying motion to file supplemental complaint that relates only indirectly to the original complaint, arises out of an unrelated set of facts, and relates to a new defendant not named in the original complaint).

## VI.   Scott's Motion for Enlargement of Time (Doc. 114)

Scott moves to amend the Court's Scheduling Order, Doc. 92, to extend the discovery deadline from November 22, 2024, to December 23, 2024. Doc. 114 at 2. Scott contends that an extension of the discovery deadline is necessary because the defendants have not responded to the discovery he has served and because his tablet is only operational "at times." Id.

This Court has granted Scott's motion to compel and ordered Defendants to respond to Scott's outstanding discovery requests. When defendants do so, they may not object on the grounds that the discovery deadline expired before the Court ruled on Scott's motion to compel. Defendants do not dispute that Scott's tablet was not operational for approximately a month. Doc.

107 at 3–4. The Court understands that Scott's ability to conduct legal research is hampered if his tablet is not operational. Thus, there is good cause for a brief extension of the discovery deadline. Scott's motion for enlargement of time, Doc. 114, is granted. Paragraph 3 of the Court's Rule 16 Scheduling Order is amended to provide that "[a]ll discovery shall be commenced in time to be completed by **January 10, 2025**." All other deadlines and provisions in the Court's Rule 16 Scheduling Order remain in effect. Scott may conduct discovery on the claims that survived § 1915A screening. See Doc. 25 at 37–38. Scott may **not** conduct discovery on any claims alleged in his proposed supplemental complaints because the Court denied Scott leave to file and serve the supplemental complaints.

## VII. Rule 25(d) Substitution

Scott brings claims against Teresa Bittinger, the Warden of the SDSP, in her official capacity for injunctive relief that survived § 1915A screening. Doc. 25 at 5 n.1, 38. Bittinger is no longer the Warden of the SDSP. Under Federal Rule of Civil Procedure 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Amber Pirraglia, the acting Warden at the SDSP, is automatically submitted for Bittinger on the official capacity claims. See id. Because Scott asserted only official capacity claims against Bittinger, Bittinger is no longer a defendant.

## VIII. Conclusion

Accordingly, it is

ORDERED that defendants' motion to stay discovery, Doc. 95, is denied. It is further

ORDERED that Scott's motion to compel, Docs. 108, 111, is granted to the extent that defendants must respond to Scott's outstanding discovery requests within **thirty (30)** days of the date of this Order. It is further

ORDERED that Scott's motion for joinder, Doc. 98, is denied without prejudice, but if the Department of Corrections has a listing of contact information for attorneys and/or legal assistance organizations unavailable through use of the tablet, the Department of Corrections cannot block Scott from access to such list. It is further

ORDERED that Scott's motion for appointment of counsel, Doc. 102, is denied. It is further

ORDERED that Scott's motion for temporary restraining order and preliminary injunction, Doc. 105, is denied. It is further

ORDERED that Scott's motions for leave to file supplemental complaints, Docs. 113, 115, are denied. It is further

ORDERED that Scott's motion for enlargement of time, Doc. 114, is granted. Paragraph 3 of the Court's Rule 16 Scheduling Order is amended to provide that "[a]ll discovery shall be commenced in time to be completed by **January 10, 2025**." All other deadlines and provisions in the Court's Rule 16 Scheduling Order remain in effect. It is finally

ORDERED that Amber Pirraglia, in her official capacity, is substituted pursuant to Fed. R. Civ. P. 25(d), for Teresa Bittinger, on the official capacity claims.

DATED this 4th day of December, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE