UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| LA'SHANE DONYALE SCOTT, | 4:23-CV-04020-RAL |
| Plaintiff, | |
| vs. | OPINION AND ORDER DENYING SCOTT'S MOTION FOR A RULE 35 EXAMINATION |
| DR. MARY CARPENTER, CHIEF MEDICAL OFFICIAL, INDIVIDUAL CAPACITY; WARDEN DAN SULLIVAN, CHIEF WARDEN OF SOUTH DAKOTA STATE PRISONS, INDIVIDUAL CAPACITY; NURSE LONNA KOGLIN, CORRECTIONAL NURSE STAFF, INDIVIDUAL AND OFFICIAL CAPACITY; RYAN VANDERAA, UNIT MANAGER, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; JASON MILLS, UNIT COORDINATOR, WEST HALL, INDIVIDUAL AND OFFICIAL CAPACITY; SGT. STEVEN SWYGERT, OFFICER IN CHARGE, INDIVIDUAL AND OFFICIAL CAPACITY; OFFICER GANGLER, CORRECTIONAL OFFICER, INDIVIDUAL AND OFFICIAL CAPACITY; KAYLA TINKER, HEALTH SERVICES OFFICIAL, INDIVIDUAL AND OFFICIAL CAPACITY; CHARGE NURSE STEPHANIE MEINDERS; CHARGE NURSE HEALTH SERVICE, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN OFFICERS, CORRECTIONAL OFFICERS THAT WORKED IN THE WEST HALL UNIT, THE "SHU" FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; UNKNOWN HEALTH SERVICES NURSING STAFF, CORRECTIONAL NURSING STAFF THAT WORKED IN THE SEGREGATED HOUSING UNIT FROM 10/26/2022 TO 10/30/2022, INDIVIDUAL AND OFFICIAL CAPACITY; | |

KELLIE WASKO, SECRETARY OF THE
DEPARTMENT OF CORRECTIONS,
INDIVIDUAL AND OFFICIAL CAPACITY;
AMBER PIRRAGLIA, ACTING WARDEN, IN
HER OFFICIAL CAPACITY; AND DR.
AARON HAYNES, OFFICIAL CAPACITY;

Defendants.

Plaintiff La'Shane Donyale Scott, an inmate at the South Dakota State Penitentiary (SDSP), filed this pro se lawsuit under 42 U.S.C. § 1983. Doc. 1. Scott requests that this Court, pursuant to Federal Rule of Civil Procedure 35, order "an examination for his dental care/medical to prevent further painful talking and chewing abnormalities, bleeding gums, gum disease, tooth pain, migraine headaches due to teeth issues, and tooth and mouth disfigurement." Doc. 119 at 1. According to Scott's motion, his dental issues arise from assaults by other prisoners in August 2024. Id. at 2. Following these assaults, Scott alleges that some of the defendants will not permit him to be seen by an outside dental provider for a bridge or dental implants. Id. For the reasons explained below, Scott's motion for a Rule 35 examination, Doc. 119, is denied.

## DISCUSSION

**I.    Scott's Allegations Regarding the August 2024 Assaults and His Claimed Injuries Are Not in Issue in This Lawsuit**

Federal Rule of Civil Procedure 35(a)(1) provides that "[t]he court where an action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." In this lawsuit, Scott alleges that the defendants were deliberately indifferent to his serious medical needs because they were aware of his need for anti-seizure medication and medication prescribed for an infection, but they refused to allow him access to these medications in October 2022 and March 2023. Doc. 10

2

at 1–2; Doc. 22 at 2.  This Court previously denied Scott's motion for a preliminary injunction related to an alleged failure to provide medical and dental care following assaults by other inmates in August 2024 because his request for preliminary injunctive relief was not related to his claims in this lawsuit.  See Doc. 122 at 8–9.  This Court also denied Scott's motion for leave to file a supplemental complaint related to the two incidents in August 2024 in which Scott alleges that other inmates assaulted him.  Id. at 9–11.  He can file a new complaint, but at this point cannot amend or supplement his complaint to extend the case to these newer claimed constitutional violations.  Because Scott's alleged dental needs are not in issue in this lawsuit, there is no good cause to order an examination by a dental provider.  Such examination would yield no potentially relevant information regarding Scott's medical conditions at issue in this case--his need for medication for seizures and an infection.

## II.    Rule 35 Does not Permit a Scott to Request on Order Requiring Him to Undergo a Physical Examination

Even if Scott's dental needs following the August 2024 assaults were in issue, he cannot request a court-ordered examination on himself.  "[A] party may not use the rule to obtain appointment of an expert to perform a medical examination on him; the rule only authorizes the court to order an examination at the behest of another party."    8B Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2232 (3d ed. 2010).  Because Rule 35 does not permit a party to seek his own medical examination, a prisoner alleging an Eighth Amendment violation cannot use Rule 35 as a mechanism to obtain a second medical opinion because the prisoner disagrees with the course of treatment provided by prison medical personnel.  Gannaway v. Prime Care Med., Inc., 150 F. Supp. 3d 511, 523 n.4 (E.D. Pa. 2015), aff'd, 652 F. App'x 91 (3d Cir. 2016).

Accordingly, it is

3

ORDERED that Scott's motion for a Rule 35 examination, Doc. 119, is denied.

DATED this 17ᵗʰ day of December, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE

4